**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1862

ELMIRA WHEATLEY; BRETT LEWIS WHEATLEY,

Plaintiffs – Appellants,

v.

EDWARD S. COHN; STEPHEN N. GOLDBERG; RICHARD E. SOLOMON;
RICHARD J. ROGERS; RANDALL J. ROLLS; FLAGSTAR BANK;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, (MERS); ST. FIN
CORP., d/b/a Star Financial, a California Corporation,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. George L. Russell, III, District Judge.
(1:13-cv-03850-GLR)

Submitted: February 19, 2015          Decided: March 5, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Elmira Wheatley, Brett Lewis Wheatley, Appellants Pro Se.
Michael J. McKeefery, Richard J. Rogers, COHN, GOLDBERG &
DEUTSCH, LLC, Towson, Maryland; Christine Marie Debevec,
STRADLEY RONON STEVENS & YOUNG LLP, Philadelphia, Pennsylvania;
John Alexander Nader, STRADLEY RONON STEVENS & YOUNG LLP,
Washington, D.C.; Michael Lichtenstein, Benjamin Powell Smith,
SHULMAN, ROGERS, GANDAL, PORDY & ECKER, PA, Potomac, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elmira Wheatley and Brett Lewis Wheatley ("Appellants") seek to appeal the district court's order dismissing this action raising numerous claims related to a foreclosure action. Appellees move to dismiss the appeal as untimely, and the Wheatleys have replied to the motion. We grant Appellees' motion and dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Generally, a party has 30 days after the entry of the district court's final judgment or order to notice an appeal. See Fed. R. App. P. 4(a)(1)(A). The notice period may be extended or reopened by the district court. See Fed. R. App. P. 4(a)(5), (6).

The district court entered an order dismissing granting Appellees' motion to dismiss on May 30, 2014; so the notice period ended on June 30, 2014. Because Appellants filed their notice of appeal of this order on July 25, 2014, their notice of appeal was untimely.

Additionally, the district court did not extend the notice period and the district court could not have reopened the notice period. First, a district court may extend the notice period if two requirements are satisfied: (1) the party seeking

3

an extension moves for the extension "no later than 30 days" after the close of the notice period and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). Here, Appellants satisfied the first requirement. Their motion for an extension was due on July 30, 2014; and they filed this motion on July 23, 2014. However, the district court determined Appellants did not demonstrate excusable neglect or good cause for an extension. Appellants have not appealed the district court's denial of this motion, so we decline to review the district court's decision. Accordingly, the notice period was not extended.

Second, we may construe an untimely notice of appeal as a motion to reopen the time to notice an appeal if an excuse for the untimeliness is offered. See United States v. Akinkoye, 16 F. App'x 179 (4th Cir. 2001) (per curiam). Regardless of any excuse offered by Appellants, the district court could not have reopened the notice period. The notice period may only be reopened if three conditions are satisfied: (1) the party seeking to reopen the period did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier"; and (3) "the court finds that no party would be

4

prejudiced." Fed. R. App. P. 4(a)(6)(A)-(C). It is clear that Appellants cannot satisfy the second condition.

At the latest, Appellants received notice of the district court's order on June 24, 2014 -- the date on the certificate of service accompanying their motion seeking clarification of the order, which indicates Appellants' receipt of the order. So at the latest, Appellants were required to move to reopen by July 8, 2014. Neither their motion nor their untimely notice were filed before this deadline. Accordingly, the district court could not have reopened the notice period.

Because Appellants failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

5